IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : : : |
| v. | :  **COMPLAINT – CLASS ACTION** |
| PLATINUM PLUS AUTO PROTECTION, INC. | : :  **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Platinum Plus Auto Protection, Inc. ("Platinum Plus Auto") to market its services through the use of automated telemarketing calls in plain

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Platinum Plus Auto sent multiple calls to residential telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA.

3. Platinum Plus Auto also did not have proper policies and procedures in place to ensure that they engaged in telemarketing that complied with federal law.

4. The recipients of Platinum Plus Auto's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## PARTIES

5. Plaintiff Andrew Perrong is, and at all times mentioned herein was, an individual citizen of the Commonwealth of Pennsylvania in this District.

6. Defendant Platinum Plus Auto Protection, Inc. is a California corporation.

7. Platinum Plus Auto makes telemarketing calls and solicits sales into this District, as it did with the Plaintiff.

## JURISDICTION AND VENUE

8. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has specific personal jurisdiction over Platinum Plus Auto because the company sent and created the automated calls at issue into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff received the calls at issue on a telephone in this District.

**TCPA BACKGROUND**

The National Do Not Call Registry

12.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.     In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

14.     Pursuant to this statutory mandate, the FCC issued two regulations.

15.     First, the relevant regulation under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

17.     However, recognizing that an honor system would probably be insufficient, the

FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

18. These procedures are codified at 47 CFR 64.1200(d)(1)-(7).

19. Specifically, § 64.1200(d) requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

20. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

21. Accordingly, all telemarketing calls violate the TCPA unless a defendant can demonstrate that it has implemented the required policies and procedures.

22. Consent is irrelevant to § 64.1200(d).

23. A violation of § 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages of $500 to $1,500 per call.

24. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

25. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

26. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

27. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

28. Defendant Platinum Plus Auto is a "person" as the term is defined by 47 U.S.C. § 153(39).

29. Plaintiff Perrong's telephone number, 215-322-XXXX, is registered on the National Do Not Call Registry and Pennsylvania Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

30. Plaintiff Perrong's telephone number, 215-322-XXXX, is used for personal purposes.

31. Plaintiff Perrong's telephone number, 215-322-XXXX, is not associated with a business.

32. The Plaintiff Perrong received at least four telemarketing calls from the Defendant.

33. The Defendant called 215-322-XXXX on July 29 and 30, 2020 (twice).

34. The calls solicited the Plaintiff to purchase Platinum Plus Auto's warranty services.

35. The calls were looking for an individual, "Andy Terrong," with a 2010 Ford Escape.

36. The Plaintiff does not have that automobile.

37. During the second July 30, 2020 call, the Plaintiff engaged the telemarketer to verify that it was Platinum Plus Auto's services being promoted.

38. He confirmed that it was.

39. Despite having never provided any consent to be contacted, the Plaintiff nevertheless made a request to no longer be contacted by Platinum Plus Auto.

40. The Plaintiff followed that verbal request with an e-mail stating the same.

41. Despite that, the Defendant called 215-322-XXXX again on July 31, 2020.

42. Again, the caller offered Platinum Plus Auto services.

43. When the Plaintiff reiterated his Do Not Call request, the caller refused to send a copy of any Do Not Call policy.

44. The caller said that no Do Not Call policy existed.

45. The caller also said that he was never trained on any such policy.

46. Several of the calls to the Plaintiff were made with the Caller ID 574-222-1786.

47. When an individual calls that telephone number there is no human response and a live person cannot be reached. Instead, automated hold music is played to the caller and the call then terminates.

48. Indeed, the website NoMoRobo, winner of the FTC's challenge to stop robocalls, has labeled calls from 574-222-1786 as robocalls. *See* https://www.nomorobo.com/lookup/574-222-1786 (Last Visited July 31, 2020).

49. Platinum Plus Auto has also previously been sued for allegations that they violated the TCPA. *See Tompkins*, Jr. *v. Platinum Plus Auto Protection Inc.*, Civil Action No. 8:20-cv-00140 (C.D. Ca.).

50. The communications received by Plaintiff demonstrate that the message was sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for their chimney cleaning service. This message therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

51. Plaintiff Perrong did not provide his prior express written consent to receive the telemarketing calls at issue.

52. The calls were not necessitated by an emergency.

53. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

55. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

56. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Policy Class:** Plaintiff and all persons within the United States to whose telephone number: (1) Platinum Plus Auto placed (or had placed on its behalf); (2) two or more telemarketing telephone calls; (3) in a 12-month period; (4) within four years prior to the commencement of this litigation until the class is certified.

**National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telephone solicitation telemarketing call (3) from or on behalf of Platinum Plus Auto (4) with a 12-month period, (5) from four years prior the filing of the Complaint.

57. Plaintiff Perrong is a member of and will fairly and adequately represent and protect the interests of these Classes as he has no interests that conflict with any of the class members.

58. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

59. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

60. This Class Action Complaint seeks injunctive relief and money damages.

61. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

62. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

63. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

64. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

65. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

66. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

67. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

68. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

69. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

70. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

71. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the National Do Not Call Registry Class**

72. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

73. Platinum Plus Auto violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Platinum Plus Auto's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

74. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

75. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

76. The Defendant's violations were knowing or willful.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
(47 U.S.C. 227(c) and 47 C.F.R. §§ 64.1200(d))
on behalf of the Policy Class**

77. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

78. Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

79. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

80. Defendant did so despite not having a written policy pertaining to "do not call" requests.

81. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

82. Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

83. Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call in addition to and separate from any award for damages related to this conduct.

84. Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call if the Defendant's violations were knowing and/or willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for herself and each member of the National Do Not Call Registry Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 4, 2020            PLAINTIFF, on behalf of himself
                                  and others similarly situated,


                                  */s/ Clayton S. Morrow*
                                  Clayton S. Morrow
                                  Email: csm@consumerlaw365.com
                                  Morrow & Artim, PC
                                  304 Ross Street, 7th Floor
                                  Pittsburgh, PA 15219
                                  Telephone: (412) 281-1250

Anthony Paronich, *Subject to Pro Hac Vice*
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorney for Plaintiff*